UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                  Plaintiff  )<br>v.                              )<br>WILFREDO ROSARIO-CAMACHO, )<br>LUIS RODRIGUEZ-SOSTRE,  )<br>JOSUE PEREZ-MERCADO,   )<br>RAMON MAYSONET-SOLER,  )<br>JOSE NEGRON-SOSTRE,     )<br>               Defendants  ) | Criminal No. 08-CR-00310 - 4 (FAB) |

**PROPOSED FINDINGS OF FACT**

Pursuant to this Court's direction on July 6, 2011 and Rule 10(e) of the Federal Rules of Appellate Procedure, defendants Wilfredo Rosario-Camacho, Luis Rodriguez-Sostre, Josue Perez-Mercado, Ramon Maysonet-Soler, and Jose Negron-Sostre submit the attached proposed findings of fact addressing access to the courtroom by members of the public, including members of defendants' families, during the jury selection process in this case.

Respectfully Submitted,

| | |
|---|---|
| */s/Jorge E. Rivera Ortiz*<br>Jorge E. Rivera-Ortiz<br>USDC-PR 207013<br>P.O. Box 1845<br>Manati, PR 00674-1845<br>(787) 306-2395<br>  attorney for Luis Rodriguez-Sostre | */s/Judith H. Mizner*<br>Judith H. Mizner, AFPD<br>Federal Defender Office<br>408 Atlantic Avenue, 3rd Floor<br>Boston, MA  02110<br>(617) 223-8061<br>  attorney for Wilfredo Rosario-Camacho |

| | |
|---|---|
| /s/Juan J. Hernandez-Lopez-de-V | /s/Allison J. Koury |
| Juan J. Hernandez-Lopez-de-V | Allison J. Koury |
| Hernandez Lopez de Victoria Law Office | 297 Boston Post Road #301 |
| P.O. Box 190233 | Wayland, MA 01778 |
| San Juan, PR 00919-0233 | (508) 358-7174 |
| (787) 622-8800 |    attorney for Josue Perez-Mercado |
|    attorney for Ramon Maysonet-Soler | |

/s/Ignacio Fernandez-De-Lahongrais
Ignacio Fernandez-De-Lahongrais
Fernandez & Alcaraz, PSC
Capital Center Bldg. South Tower
Suite 202
239 Arterial Hostos
San Juan, PR 00918
(787) 758-5789
   attorney for Jose Negron-Sostre

CERTIFICATE OFSERVICE

I hereby certify that, on this date, August 15, 2011, I electronically filed the proposed findings of fact with the Clerk of the Court using the Court's CM/ECF system which will send a copy of the electronic filing to all parties of record.

                                              /s/Judith H. Mizner
                                              Judith H. Mizner

```
_____
                                )
UNITED STATES OF AMERICA,       )
             Plaintiff          )
v.                              )    Criminal No. 08-CR-00310 - 4 (FAB)
                                )
WILFREDO ROSARIO-CAMACHO,       )
LUIS RODRIGUEZ-SOSTRE,          )
JOSUE PEREZ-MERCADO,            )
RAMON MAYSONET-SOLER,           )
JOSE NEGRON-SOSTRE,             )
             Defendants         )
_____ )
```

## PROPOSED FINDINGS OF FACT

Based on the testimony at the evidentiary hearing and the documentary record, this Court finds the following:

**I. Preliminary Facts**

1. Defendants Wilfredo Rosario-Camacho, Luis Rodriguez-Sostre, Josue Perez-Mercado, Ramon Maysonet-Soler, and Jose Negron-Sostre were all tried before this Court and a jury beginning with jury selection on January 20, 2010.

2. All were convicted after trial and have filed appeals to the United States Court of Appeals for the First Circuit.

3. All defendants filed motions to supplement the record on appeal to establish the facts concerning access to the courtroom by the public during the jury selection process.

4. After reviewing the motions and affidavits submitted by the parties this Court held an evidentiary hearing on July 6, 2011.[1]  All five defendants were present and represented by appellate counsel.

**II. Facts Concerning Access to the Courtroom During the Jury Selection Process**

 **A. Seating in the Courtroom on January 20, 2010 and the Officers in Charge**

1. This case was tried in courtroom 4 (Tr. 45, 77).  The defendants were seated on the first bench on the right side of the courtroom; marshals were seated in the row behind the defendants (Tr. 85-86, 108, 118).

---

[1] "Tr." references are references to the transcript of that July 6, 2011 hearing.

2.  The jury in this case was selected on January 20, 2010.  The record shows that 75 potential jurors were present on that date (Tr. 21).  Those potential jurors filled the available benches and jury box (Tr. 20, 25, 86, 118, 142, 146).  The jury selection process took the entire trial day of January 20, 2010 (Tr. 110).

3. Deputy United States Marshal (DUSM) Miguel Portalatin was in charge of courtroom security the day of jury selection (Tr. 141-142).  He was assisted by DUSM Maldonado (Tr. 143).  They were both assisted by Court Security Officer (CSO) Carlos Sierra (Tr. 16, 144).

B.  **Access to the Courtroom**

1.  Neither this Court nor DUSM Portalatin expressly ordered that the courtroom be closed to the public (Tr. 142, 145).  As this Court did not expressly order closure, this Court did not consider alternatives to closure or make accommodations for the presence of any members of the public.

2.   While there is no standing order, it has been the routine practice in this district for a number of years to exclude the public, including members of the families of defendants, from the courtroom during the jury selection process (Tr. 15-16, 86, 88, 101-102, 109, 118-119, 131).  Exceptions for family members have been made where defense counsel have made special arrangements with the court (Tr. 14-15). No arrangements were made in this case (Tr. 86, 91, 109-110).

3.  Marshals were posted at the courtroom door (Tr. 142-143). CSO Sierra was also at the door at various times as members of the jury panel were dismissed (Tr. 24, 26).  The courtroom doors were closed (110, 143).   The doors were opened by either a DUSM or CSO to allow excused jurors to leave (Tr. 26, 110, 143).   Members of the jury panel went in and out of the courtroom during the jury selection process (Tr. 46, 79, 142-143).  Members of the public standing outside the courtroom were not allowed to enter the courtroom during the jury selection process (Tr. 147).

4.  People who were not members of the jury panel attempted to look through the window of the door into the courtroom (Tr. 147).  They included members of defendants' families and friends  (Tr. 32, 45, 77).   DUSM Portalatin instructed people who were attempting to look into the courtroom through the window of the door to move away from that area (Tr. 143-144, 147).  They were not  allowed to enter the courtroom (Tr. 147).  CSO Sierra also told people not to look through the window (Tr. 77).

5.  At least four individuals, Maribel Rodriguez (sister of Wilfredo Rosario Camacho), Carmen Camacho (mother of Wilfredo Rosario Camacho), Zuheily Otero Gonzalez (friend of Wilfredo Rosario Camacho), and Damaris Gonzalez Guitard (wife of Luis Rodriguez Sostre), who went to the courthouse to attend the trial on January 20, 2010 were not allowed into the

courtroom by courtroom personnel (Tr. 28-31, 34-35, 44, 45, 52, 54, 58 ).

      6. At least three others, Suheil Rosa Nieves ( the wife of Mr. Maysonet) and her in-laws, Ramon Maysonet Serrano and Carmen Soler Lopez (Tr. 76) went to the courthouse to attend the trial on January 20, 2010 but were told by Alexander Zeno, Mr. Maysonet's attorney, they could not enter the courtroom during the jury selection (Tr. 77-78).

      7. Mr Perez Mercado's sister, Carla, went to the courthouse to attend the trial on January 20, 2010 and asked her brother's attorney if she could enter the courtroom. She was told she could not. Mr. Perez Mercado was also told by his attorney that his sister could not be present (Tr. 86-87).

      8. Although all of these individuals remained in the hallway outside the courtroom during the jury selection proceedings after some potential jurors had been excused and left the courtroom (Tr. 32-33, 46, 79) they were not told that they could enter the courtroom at that time (Tr. 46). DUSM Portalin did not recall people standing outside the courtroom being allowed to enter the courtroom after jurors were excused (Tr. 144). He did not recall seeing any family members of the defendants inside the courtroom during jury selection (Tr. 146).

      9. I find that visual access to the courtroom was blocked during part of the day. While CSO Sierra testified that he did not put a piece of paper in the window of the courtroom door (Tr.138-139), and DUSM Portalatin testified that he did not see any paper blocking the window of the door (Tr. 143), Attorneys Ramos and Dolz, and individuals who attempted to enter the testified that at some point during the day someone put a piece of white paper in the window of the courtroom door so that persons outside could not see in (Tr. 87, 131-132, 32, 46, 54-55, 78-79). I credit the recollection of the attorneys and those individuals who were outside the courtroom attempting to look in.

### C. Trial Counsel

      1. Attorneys Miriam Ramos, Ramon Garay, Mariangela Tirado, and Francisco Dolz were aware that members of their client's families had been excluded from the courtroom during jury selection (Tr. 86-87, 109, 118-119, 135).

      2. Attorney Alexander Zeno did not see any members of his client's family in the courtroom during jury selection (Tr. 98).

      3. None of the attorneys objected to the exclusion of members of their clients' families from the courtroom during the voir dire (Tr. 88, 103, 110, 125-126, 131).

      4. All of the attorneys testified that the absence of an objection was not the result of a tactical or a strategic decision (Tr. 87, 103, 112,125,131). They did not object because of their

awareness that exclusion of the public and members of the family was a longstanding, standard practice in the district (Tr. 88, 95-96, 103, 112, 125, 131,136).  Given the practice, they believed objections would be futile.

      5.  Attorney Ramos did not advise her client that he had a right to a public trial, including the presence of family members or that he could request their presence from the court (Tr. 91).

      6.  Attorney Zeno did not have any conversation with his client about public access to the courtroom during jury selection (Tr. 103).

      7.  Attorney Garay did not discuss the exclusion of the public from the courtroom during jury selection with his client (Tr. 109)

      8.  Attorney Tirado did not discuss the presence of family members with her client or explain his constitutional right to a public trial (Tr. 120,122).

      9.  None of the defendants expressly waived their right to have members of their families or members of the public present in the courtroom during the jury selection process.